FILED

2014 MAY -2 P 2: 58

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

RONDA KAUFMAN, on behalf of herself
and all others similarly situated,

Plaintiffs,

vs.

CVS CAREMARK CORPORATION and
CVS PHARMACY, INC.,

Defendant.

Case No. CA 14 - 216 ML

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMAND

Plaintiff Ronda Kaufman ("Plaintiff") brings this Class Action Complaint against Defendants CVS Caremark Corporation and CVS Pharmacy, Inc. (collectively "CVS" or "Defendants") individually and on behalf of a proposed Class, including subclass, as defined herein. Plaintiff alleges the following upon information and belief, except for those allegations that pertain to her, which are based on Plaintiff's personal knowledge:

## NATURE OF THE ACTION

1.      CVS markets, sells, and distributes six versions of vitamin E supplements. On all vitamin E packages, Defendants represent the product is intended for "heart health." However, numerous double-blind, placebo-controlled studies demonstrate that vitamin E and vitamin E supplementation offer no cardiovascular benefit. Vitamin E does not reduce the risk of suffering a cardiovascular event, such as a heart attack, nor does it reduce the risk of dying from cardiovascular disease. There are no comparable, scientifically valid studies supporting Defendants' representation.

2.      Defendants' heart health representation is false, misleading, and reasonably likely to deceive the public.

3.      As a result of Defendants' heart health misrepresentation, consumers, including Plaintiff and members of the proposed Class, have purchased products that do not perform as advertised.

4.      Plaintiff brings this action on behalf of herself and all other similarly situated consumers who purchased Defendants' vitamin E products to enjoin Defendants' false and deceptive advertising and to recover monetary redress for Defendants' violation of state consumer protection statutes and restitution as alleged herein.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Diversity of citizenship exists between Plaintiff and the Class Members, on the one hand, and Defendants, on the other, and the amount in controversy is greater than $75,000.

6.      This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2).  The proposed class has more than 100 members, the class contains at least one member of diverse citizenship from Defendants, and the amount in controversy exceeds $5 million.

7.      This Court has personal jurisdiction over Defendants because they have their headquarters within this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendants conduct business in this District and a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District.

## PARTIES

9.      Defendant CVS Caremark Corporation is a Delaware Corporation. Defendant is headquartered at 1 CVS Drive, Woonsocket, Rhode Island.

10.      Defendant CVS Pharmacy, Inc. it a Rode Island corporation headquartered at 1 CVS Drive, Woonsocket, Rhode Island. CVS Pharmacy, Inc. is a wholly-owned subsidiary of CVS Caremark Corporation.

11.      Plaintiff Ronda Kaufman is a resident and citizen of New York.  During the Class Period, Plaintiff was exposed to Defendant's misleading packaging, specifically those statements regarding the product's "heart health" benefits. Prior to making her purchases, Plaintiff read and reviewed the representation regarding heart health made on the product packing and, in reliance upon those statements, Plaintiff purchased CVS Vitamin E 400 IU Softgels (100 count) at the CVS located at 1026 Old Country Road (Morton Village Plaza) in Plainview, New York, believing it would provide the promised heart health benefits.  As a result of her purchases, Plaintiff suffered injury in fact and lost money. Had Plaintiff known the truth about Defendant's misrepresentations and omissions, she would not have purchased Defendant's product.

## FACTUAL ALLEGATIONS

12.      CVS is the largest pharmacy in the United States, as measured by number of stores.

13.      Defendants' vitamin E products bearing the "heart health" misrepresentation include:[1] (1) CVS Natural Vitamin E Oil 30,000 IU; (2) CVS Vitamin E 1,000 IU Softgels (50 count); (3) CVS Vitamin E 400 IU Softgels (250 count); (4) CVS Vitamin E 400 IU Softgels (100 count); (5) CVS Vitamin E 400 IU Softgels Natural (100 count); (6) CVS Vitamin E 400 IU Softgels Value Size (400 count); and (7) CVS Vitamin E 200 IU Softgels (100 count).

14.      Defendants' vitamin E products are sold at their more than 7,600 retail pharmacies across the country and at CVS.com. Based upon the quantity and product variety, Defendants' vitamin E products generally sell for between $8 and $20.

15.      According to the CVS CareMark 2012 annual report, CVS branded products, such as CVS brand vitamin E, account for approximately 18 percent of total "front store" revenues, meaning non-pharmacy revenues. (Ex. A, 2012 Annual Report excerpts)

---

[1] This is not intended as an exhaustive list. Discovery may reveal additional vitamin E products bearing the "heart health" misrepresentation.

16.   Defendants utilize a rewards card, the ExtraCare card, that is "one of the most successful retail loyalty rewards programs in the United States," according to the 2012 annual report. Defendants have approximately 70 million active cardholders. *Id.*

17.   All versions of Defendants' vitamin E products described herein[2] bear the "heart health" label. Additionally, the backside of CVS vitamin E softgel[3] bottles represent: "Vitamin E helps maintain healthy blood vessels and promotes heart health." Some of Defendants' vitamin E products and their deceptive labels are pictured below:



---

[2] Defendants sell an additional vitamin E product, CVS Pure Vitamin E Oil (apparently intended for dermal use) that does not bear the "heart health" misrepresentation and is not at issue in this case.

[3] The back of the liquid CVS vitamin E product includes a different, but comparable representation, "Vitamin E supports immune function and cardiovascular health."



18.     By marketing vitamin E products in this way, Defendants mislead consumers to believe these products protect consumers' hearts and/or reduce consumers' risk of heart disease.

19.     The overwhelming majority of scientific studies find **no** "heart health" benefit to taking vitamin E supplements. The following have been published and would have been readily available to Defendants.

    a. Fortmann, S.P., Burda, B.U., Senger, C.A. et al., *Vitamin and Mineral Supplements in the Primary Prevention of Cardiovascular Disease and Cancer: An Updated Systemic Evidence Review for the U.S. Preventative Services Task Force*, 159 ANN. INT. MED. 824, 827-29 (2013) (meta-analysis finding no cardiovascular benefit to vitamin E supplementation) (Ex. B).

    b. Sesso, H.D., Buring, J.E., Christen, W.G. et al., *Vitamins E and C in the Prevention of Cardiovascular Disease in Men: The Physicians' Health Study II Randomized Controlled Trial*, 300 (18) JAMA 2123 (2008) (finding no reduction in the risk of cardiovascular events associated with vitamin E supplementation among a sample of male physicians over age 50) (Ex. C).

    c. Lee, I., Cook, N.R., Gazianno, J.M. et al., *Vitamin E in the Primary Prevention of Cardiovascular Disease and Cancer. The Women's Health Study: A Randomized Controlled Trial*, 294(1) JAMA 56 (2005) (finding no evidence of any cardiovascular benefit among a sample of 39,876 women

over age 45 who had taken 600 iu of "natural-source vitamin E" every other day for an average of 10 years) (Ex. D).

d. Lonn, E., Bosch, J., Yusuf, S. et al., *Effects of Long-term Vitamin E Supplementation on Cardiovascular Events and Cancer: A Randomized Controlled Trial*, 293(11) JAMA 1338 (2005) (finding that daily dose of vitamin E among subjects age 55 or older with vascular disease or diabetes did not reduce the likelihood of major cardiovascular events and also finding that those taking vitamin E had higher rates of heart failure and were more likely to be hospitalized for heart failure) (Ex. E).

e. Miller III, E.R., Pastor-Barriuso, R., Dalal, D. et al., *Meta-Analysis: High-Dosage Vitamin E Supplementation May Increase All-Cause Mortality*, 147 ANN. INTERN. MED. 37 (2005) (finding an increase in mortality that progressively increased as daily dosage exceeds 150 iu) (Ex. F).[4]

f. Shekelle, P.G., Morton, S.C., Jungvig, L.K et al., *Effect of Supplemental Vitamin E for the Prevention and Treatment of Cardiovascular Disease*, 19 J. GEN INTERN. MED. 380 (2004) (meta-analysis concluding there is "good evidence" that vitamin E supplementation does not beneficially affect cardiovascular outcomes) (Ex. G).

g. H.O.P.E. Study Investigators, *Vitamin E Supplementation and Cardiovascular Events in High Risk Patients*, 342 N. ENGL. J. MED. 154 (2000) (finding "no apparent effect on cardiovascular outcomes" in subjects at high risk for cardiovascular disease who supplemented with 400 iu of vitamin E per day for an average for 4.5 years) (Ex. H).

---

[4] All variations of Defendants' pill-type vitamin E products exceed the 150 iu level shown to increase mortality in this study, with the lowest dose being 200 iu. All variations vastly exceed the Recommended Dietary Allowance, as demonstrated by Defendants' labels. The lowest dose of 200 iu is listed as 667% of the RDA.

20.     Studies finding any benefit to consuming vitamin E are generally either epidemiological, flawed, or are findings that occurred by chance, as would be the case in 1/20 studies utilizing a 95 percent confidence level.

21.     As a result, Plaintiff was misled by Defendants' statements to believe its vitamin E products would reduce her risk of heart disease when they do not.

22.     Consumers' concerns about cardiovascular disease are well founded. According to the U.S. Centers for Disease Control and Prevention:[5]

> a.     Approximately 600,000 people die of heart disease in the U.S. each year;
>
> b.     Heart disease is the leading cause of death for both men and women;
>
> c.     Each year, approximately 715,000 Americans suffer a heart attack; and
>
> d.     The annual cost of healthcare services, medications, and lost productivity as a result of heart disease has been calculated to be $108.9 billion.

23.     Defendants have preyed upon these legitimate health concerns by misrepresenting to consumers that its vitamin E products have a "heart health" benefit when they do not.

24.     The aforementioned misrepresentation is especially compelling when combined with a misrepresentation on the back of Defendants' vitamin E bottles, "Vitamin E helps maintain healthy blood vessels and promotes heart health."

25.     As a result of Defendants' deceptive marketing, Plaintiff and other consumers suffered injury in fact and lost money or property.

26.     Consumers, including Plaintiff and the Class, purchased CVS vitamin E products that were represented to have "heart health" benefits and to "help[] maintain healthy blood vessels and promote[] heart health" when they do not.

---

[5] www.cdc.gov/heartdisease/facts.htm (accessed January 22, 2014).

27.    Plaintiffs and other consumers will continue to suffer injury as a result of Defendants' ongoing misrepresentations.

28.    The U.S. Food and Drug Administration (FDA) does not regulate dietary supplements in the same manner as pharmaceuticals. Accordingly, supplement manufacturers are not required to demonstrate the efficacy or safety of their products to the FDA prior to the marketing and sales of supplements. As a result, no FDA regulation requires or expressly authorizes Defendants to label their vitamin E products with the "heart health" and/or "Vitamin E helps maintain healthy blood vessels and promotes heart health" representations.

29.    Defendants would not violate any FDA regulation if they removed these representations

30.    State laws requiring Defendants to refrain from false, deceptive, and misleading advertising do not impose a burden that exceeds or contradicts FDA regulations.

### CLASS ALLEGATIONS

31.    Plaintiff brings this action as a class action on behalf of herself and the Class (the "Class") consisting of:

> All persons and entities residing in the United States who, at anytime within the applicable statute of limitations (the "Class Period"), purchased any variety of CVS vitamin E bearing the language "heart health" and/or "Vitamin E helps maintain healthy blood vessels and promotes heart health."

32.    Plaintiff also brings this suit as a class action on behalf of the following subclass ("Rhode Island Subclass"):

> All persons and entities residing in the State of Rhode Island who, at any time within the applicable statute of limitations (the "Rhode Island Subclass Period"), purchased any variety of CVS vitamin E bearing the language "heart health" and/or

> "Vitamin E helps maintain healthy blood vessels and promotes heart health."

33.    Plaintiff also brings this suit as a class action on behalf of the following subclass ("New York Subclass"):

> All persons and entities residing in the State of New York who, at any time within the applicable statute of limitations (the "New York Subclass Period"), purchased any variety of CVS vitamin E bearing the language "heart health" and/or "Vitamin E helps maintain healthy blood vessels and promotes heart health."

34.    The Class and subclass satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

35.    The members of the Class and subclass are so numerous that joinder of all members is impracticable. Although the precise number of Class Members is unknown to Plaintiffs at this time and can be determined only by appropriate discovery, it is reasonably estimated that the Class (and subclass) consist of at least thousands of members.

36.    Plaintiff is a purchaser of CVS vitamin E products and has been subjected to Defendants' deceptive and misleading course of conduct, which tricked, misled, and significantly confused consumers. Plaintiff is a member of the Class and subclass, and her claims are typical of the claims of the members of the Class and subclass. The harm suffered by Plaintiff and all other Class Members was and is caused by the same misconduct by Defendants.

37.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff does not have any interest antagonistic to, or in conflict with, the Class or subclass. Plaintiff has retained competent counsel, who are experienced in consumer and commercial class action litigation, to further ensure such protection and who intend to prosecute this action vigorously.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the monetary damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein.  If Class treatment of these claims were not available, Defendants would likely continue their wrongful conduct, would unjustly retain improperly obtained revenues, and/or would otherwise escape liability for their wrongdoing as asserted herein.

39.     Common questions of law and fact exist as to all members of the Class, which predominate over any questions that may affect individual Class Members.  Among the questions of law and fact common to the Class and subclass are the following:

> a.  whether Defendants deceived and misled consumers with its marketing and labeling of CVS vitamin E;
>
> b.  whether Defendants misrepresented CVS E products as having heart health benefits;
>
> c.  whether Defendants violated New York General Business Law § 349;
>
> d.  whether Defendants' misleading advertising and packaging were material to reasonable consumers;
>
> e.  whether Defendants received a benefit from Plaintiffs and Class Members and whether it would be unjust for Defendants to retain such benefits; and
>
> f.  the appropriate measure of damages or other relief to which Plaintiffs and the Class Members are entitled.

40.     Information relating to CVS vitamin E sales is available from Defendants' books and records, including, but not limited to, data associated with the ExtraCare rewards card program.

41.     Plaintiffs are not aware of any difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

42.     The prosecution of separate actions by individual Class Members would run the risk of inconsistent or varying adjudications, which might establish incompatible

standards of conduct for Defendants.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

43.  Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

**(Violation of Rhode Island Deceptive Trade Practices Act – R.I. Gen. Laws § 6-13.1, *et seq*. on behalf of the Class and the Rhode Island Sublcass)**

44.  Plaintiff incorporates by reference and reassert each allegation contained in Paragraphs 1 through 43 and further allege as follows:

45.  Defendants have engaged in unlawful conduct under R.I. Gen. Laws § 6-13.1, *et seq*., by marketing vitamin E to consumers as providing heart health benefits, causing consumers to believe Defendants' products reduce cardiovascular risks when they do not.

46.  In falsely representing their vitamin E products as providing heart health benefits, Defendants have represented that their products possess characteristics, uses, and benefits they do not have.

47.  In falsely representing their vitamin E products as providing heart health benefits, Defendants have created a likelihood of confusion and/or misunderstanding among consumers.

48.  In falsely representing their vitamin E products as providing heart health benefits, Defendants have engaged in a practice that is unfair and/or deceptive to consumers and have misled and/or materially deceived members of the public.

49.  Plaintiff is not challenging any statement on Defendants' labels required by the FDA.

50.  Plaintiff and proposed Class Members have purchased CVS vitamin E products and have suffered ascertainable monetary losses as a result of Defendants unlawful deceptive trade practices.

51.     As a result of Defendants' ongoing misrepresentations, Plaintiff and proposed Class Members will continue to suffer ascertainable monetary losses.

52.     Accordingly, Plaintiff, on behalf of herself and all others similarly situated, seeks the recovery of actual damages, statutory damages, punitive damages, injunctive and equitable relief, and an award of reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
#### (Violation of New York General Business Law § 349 on behalf of the Class and New York Subclass)

53.     Plaintiff incorporates by reference and reasserts each allegation contained in Paragraphs 1 through 52 and further alleges as follows:

54.     Defendants' actions alleged herein constitute unlawful, unfair, and deceptive business practices. Those actions include misrepresenting that CVS vitamin E products are intended for "heart health," leading consumers to incorrectly believe CVS vitamin E would reduce their risk of cardiovascular disease.

55.     Plaintiff is not challenging any statement on Defendants' labels required by the FDA.

56.     Defendants' conduct constitutes acts, uses and/or employment by Defendants or their agents or employees of deception, unconscionable and unfair commercial practices, false pretenses, false promises, misrepresentations and/or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of goods in violation of Section 349 of New York's General Business Law.

57.     Defendants' deceptive conduct was generally directed at the consuming public.

58.     Defendants' unfair and deceptive trade acts and practices have directly, foreseeably, and proximately caused damages and injury to Plaintiff and other members of the proposed New York State Subclass.

59.     Defendants' violations of Section 349 of New York's General Business Law have damaged Plaintiff and other proposed New York State Subclass Members, and threaten additional injury if the violations continue.

60.     Defendant's deceptive conduct has caused harm to consumers in that they purchased CVS vitamin E when they otherwise would not have or paid more for CVS vitamin E than they otherwise would have, absent Defendants' deceptive conduct.

61.     Plaintiff on her own behalf, and on behalf of the proposed New York State Subclass Members, seeks damages, injunctive relief, including an order enjoining Defendants' Section 349 violations alleged herein, and court costs and attorneys' fees, pursuant to NY Gen Bus. Law § 349.

### THIRD CAUSE OF ACTION
#### (Unjust Enrichment/Restitution
#### on behalf of the Class)

62.     Plaintiff incorporates by reference and reasserts each allegation contained in Paragraphs 1 through 61 and further allege as follows:

63.     Plaintiff's cause of action for restitution is pled in the alternative to other causes of action asserted herein.

64.     Plaintiff is not challenging any statement on Defendants' labels required by the FDA.

65.     As a result of Defendants' misconduct in the form of deceptive marketing of its CVS vitamin E products as set forth above, Defendants have received a benefit at the expense of Plaintiff and proposed Class Members that would be unjust for Defendants to retain.

66.     As a result of Defendants' unjust enrichment, Plaintiff and the Class Members are entitled to restitution in the form of a return of the unjust financial benefit conferred by Plaintiff and Class Members on Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class and subclass, requests the following relief:

A. An order that this action may be maintained as a Class Action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed to represent for the Class and subclass, and that Plaintiff's counsel be appointed as counsel for the Class and subclass;

B. A permanent injunction against Defendants, restraining, preventing and enjoining Defendants from engaging in the illegal practices alleged;

C. An order requiring Defendants to disgorge the profits wrongfully obtained through the use of their illegal practices;

D. Actual damages;

E. Statutory damages;

F. Punitive damages;

G. An award of attorneys' fees;

H. An award of the costs of suit reasonably incurred by Plaintiff and her counsel;

I. An award of interest, including prejudgment interest, at the legal rate, and;

J. Such other and further relief as the Court deems necessary and appropriate.

DATED: May 2, 2014          Respectfully submitted,

By: _____
K. Joseph Shekarchi
**SHEKERCHI LAW OFFICES**
33 College Hill Road, Suite 15-E
Warwick, RI 02886
Telephone: (401) 827-0100

Brian D. Penny
Douglas Bench
**GOLDMAN SCARLATO KARON & PENNY P.C.**
101 East Lancaster Ave., Suite 204

Wayne, PA  19087
Telephone: (484) 342-0700

John Zaremba
Robert Corbett
**ZAREMBA BROWNELL &
BROWN, PLLC**
40 Wall Street, 27th Floor
New York, NY 10005
Telephone: (212) 400-7224

*Counsel for Ronda Kaufman and the Proposed
Class*